UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **FELTON DUKES** | **CIVIL ACTION NO. 18-348-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **WARDEN DARREL VANNOY** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Felton Dukes ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on March 12, 2018. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions and sentences. He names Warden Darrel Vannoy as respondent.

On November 17, 2009, Petitioner was convicted of Possession of a Schedule II CDS, Ecstasy, and Distribution of a Schedule II CDS, Cocaine, in the Louisiana First Judicial District Court, Parish of Caddo. He was adjudicated a fourth felony habitual offender as to the cocaine conviction and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

The Louisiana Second Circuit Court of Appeals affirmed Petitioner's convictions, adjudication as a fourth felony offender, and his sentence as a fourth felony offender and

remanded the matter to the trial court for sentencing on his conviction for possession of ecstasy. State v. Dukes, 46,029 (La.App. 2 Cir. 1/26/11); 57 So.3d 489, writ denied sub nom. State ex rel. Dukes v. State, 2011-0443 (La. 3/2/12); 83 So.3d 1033.

On remand, the trial court adjudicated Petitioner a fourth felony offender as to the ecstasy conviction and imposed a concurrent life sentence without benefit of parole, probation, or suspension of sentence. The Louisiana Second Circuit Court of Appeals affirmed Petitioner's second adjudication as a fourth felony habitual offender and sentence. State v. Dukes, 48,101 (La.App. 2 Cir. 8/14/13); 121 So.3d 1256, writ denied, 2013-2182 (La. 3/14/14); 134 So.3d 1194.

In support of this petition, Petitioner alleges he received ineffective assistance of counsel (2 claims). For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on November 17, 2009 and subsequently adjudicated a fourth felony habitual offender as to the cocaine conviction and sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. The Louisiana Second Circuit Court of Appeals affirmed Petitioner's convictions, adjudication as a fourth felony offender and his sentence as a fourth felony offender and remanded the matter to the trial court for sentencing on his conviction for possession of ecstasy. State v.

Dukes, 46,029 (La.App. 2 Cir. 1/26/11); 57 So.3d 489, writ denied sub nom. State ex rel. Dukes v. State, 2011-0443 (La. 3/2/12); 83 So.3d 1033.

On remand, the trial court adjudicated Petitioner a fourth felony offender and imposed a concurrent life sentence without benefit of parole, probation, or suspension of sentence. The Louisiana Second Circuit Court of Appeals affirmed Petitioner's second adjudication as a fourth felony habitual offender and sentence. State v. Dukes, 48,101 (La.App. 2 Cir. 8/14/13); 121 So.3d 1256, writ denied, 2013-2182 (La. 3/14/14); 134 So.3d 1194.

In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced as to the cocaine conviction 90 days after March 2, 2012 on May 31, 2012 and as to the ecstasy conviction 90 days after March 14, 2014 on June 12, 2014.

The federal petition currently before the court was filed in this court on March 12, 2018 and signed by Petitioner on March 10, 2018. Since the federal clock began ticking on May 31, 2012 as to the cocaine conviction and June 12, 2014 as to the ecstasy conviction and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition in or before June 12, 2015. This petition was not filed until March of 2018, more than two years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed an application for post-conviction relief on February 26, 2016. Review of this application continued until the Supreme Court of Louisiana denied his writ on February 2, 2018. To toll the federal limitation period, a petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not file his application for post-conviction relief until February 26, 2016, which was after the limitation period had already expired on June 12, 2015.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 28th day of August, 2019.

Mark L. Hornsby
U.S. Magistrate Judge